**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RYAN G. MCAFEE, | No. 09-15085 |
| Plaintiff - Appellee, | D.C. No. 2:05-cv-00227-WBS-KJM |
| v. | |
| METROPOLITAN LIFE INSURANCE COMPANY; et al., | MEMORANDUM [*] |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted February 10, 2010
San Francisco, California

Before: O'SCANNLAIN, TROTT and PAEZ, Circuit Judges.

Metropolitan Life Insurance Company ("MetLife") appeals the district

court's judgment granting the maximum amount of Long-Term Disability ("LTD")

benefits to Ryan McAfee pursuant to his employer's benefit plan ("the plan"),

which was funded and administered by MetLife, and governed by the Employee

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461.

MetLife argues that it was not an abuse of discretion to exclude McAfee's

performance-based employee stock options ("ESOs") in calculating McAfee's

benefits. In the alternative, MetLife argues that it did not abuse its discretion in

valuating McAfee's ESOs. We review de novo the district court's grant of

summary judgment. *Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d

620, 625 (9th Cir. 2008). When the district court conducts a bench trial, we review

de novo the district court's conclusions of law and will set aside the district court's

findings of fact only if they are clearly erroneous. *Saltarelli v. Bob Baker Group

Med. Trust*, 35 F.3d 382, 384-85 (9th Cir. 1994). We have jurisdiction pursuant to

28 U.S.C. § 1291, and we affirm.

First, although ERISA does not require a participant or beneficiary to

exhaust administrative remedies prior to seeking judicial review, we have

recognized a prudential exhaustion requirement. *Vaught*, 546 F.3d at 626. Our

review of the administrative record supports the district court's conclusion that

McAfee properly exhausted his administrative remedies prior to filing this action.

Second, "[b]ecause the plan is silent as to the definition of the phrase

['performance bonus'], we look to the dictionary definition to determine the

ordinary and popular meaning." *Gilliam v. Nev. Power Co.*, 488 F.3d 1189, 1195

2

(9th Cir. 2007). One dictionary defines "performance bonus" as "[a] bonus given as a reward for outstanding productivity," where "bonus" is defined as a "premium . . . paid for services . . . in addition to or in excess of the compensation that would ordinarily be given." Black's Law Dictionary 206 (9th ed. 2009). McAfee presented evidence that his ESOs fit within this definition,[1] but MetLife failed to credit this evidence, to ask McAfee for additional evidence, or to investigate adequately McAfee's claim. Instead, MetLife initially told McAfee that it was excluding his ESOs based on an e-mail from his former employer, then offered a post hoc rationale in court based on the California Labor Code's definition of wages. Because there is no evidence that the parties intended to incorporate this definition of wages in the plan by reference, we are unpersuaded by MetLife's argument. *See Gilliam*, 488 F.3d at 1195. In light of the foregoing, we conclude that MetLife's structural conflict of interest improperly motivated its decisionmaking process, and that MetLife abused its discretion when it refused to include McAfee's ESOs in calculating his predisability earnings. *See Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 968-69 (9th Cir. 2006) (en banc).

---

[1] The district court did not abuse its discretion in overruling MetLife's evidentiary objection to McAfee's letter. The letter was admissible under Federal Rule of Civil Procedure 56 because it was based on personal knowledge, and the contents could be presented in admissible form at trial. *See Fraser v. Goodale*, 342 F.3d 1032, 1037 (9th Cir. 2003).

Third, "[a]n ERISA plan administrator abuses its discretion if it construes provisions of the plan in a way that 'conflicts with the plain language of the plan.'" *Saffle v. Sierra Pac. Power Co. Bargaining Unit Long Term Disability Income Plan*, 85 F.3d 455, 458 (9th Cir. 1996) (citation omitted). Here, the plain language of the plan stated that predisability earnings included "commissions and/or performance bonuses averaged over the previous 12 months." On remand, however, MetLife excluded nearly two-thirds of the shares McAfee received as performance bonuses in the twelve months prior to his date of disability. Neither the administrative record nor the language of the plan supported MetLife's valuation based on only one-third of McAfee's performance-based ESOs. Therefore, we agree with the district court that it was an abuse of discretion for MetLife to exclude 28,500 shares when valuing McAfee's ESOs. Because McAfee will receive the maximum amount of LTD benefits under the plan using either party's valuation methodology, we need not decide whether the use of one method or the other was improper.

Finally, MetLife's arguments against the award of prejudgment interest, attorneys' fees and costs are without merit. Accordingly, we affirm the judgment in all respects.

AFFIRMED.